### McBride v. Berman.

### Berman v. McBride.

(Two cases.)

Opinion delivered May 14, 1906.

Death—Action for causing—Parties.—In an action to recover damages for negligence resulting in death, in default of administration, the widow, if there be one, and the heirs at law of the deceased are necessary parties.

Appeals from Sebastian Circuit Court, Fort Smith District; *Styles T. Rowe,* Judge.

The first case is reversed; the second, affirmed.

*Edwin Hiner,* for Mrs. McBride.

Mrs. McBride's right of action is based upon the statute, sections 6289, 6290, Kirby's Digest. It is intended to award compensation to the widow and next of kin who suffer damages by reason of the death of the injured party. This action is for such compensation, and not for the benefit of the estate. Every action

must be prosecuted in the name of the real party in interest, except as otherwise provided by statute. Kirby's Digest, § § 5999, 6001, 6002, 6004. In this case, the plaintiff is the widow of the deceased, the only person having a beneficiary interest in his life and the sole party in interest. By the express terms of the statute, she is entitled to bring and maintain this action. 53 Ark 117; 3 C. C. A. 129; 71 Ark. 258.

*Read & McDonough,* for Mr. and Mrs. Berman.

Plaintiff can not maintain this action without joining the brother and sisters of deceased in the same. In the absence of a personal representative the action must be brought by the heirs at law of the deceased, the amount recovered being for the exclusive benefit of the widow and next of kin, to be distributed to them as provided by law for the distribution of personal property left by persons dying intestate. Kirby's Digest, § § 6289, 6290. The whole estate can not go to plaintiff under the statute (Kirby's Digest, § 2642), notwithstanding she has no children by deceased, because it is shown he left a brother and sisters, who are heirs at law and next of kin within the meaning of the statute. Such being the case, the widow can not maintain the action alone. 52 Fed. Rep. 371. See also 53 Ark. 255.

*Ira D. Oglesby,* for appellee D. J. Young.

Plaintiff can not maintain the suit because it is shown that deceased left heirs at law, who were not joined as parties in the action.

Hill, C. J. Mrs. Della McBride brought suit in Sebastian Circuit Court, Fort Smith District, against Mrs. P. Berman, P. Berman, her husband, D. J. Young and Al Belt, tenants of Mrs. Berman, for damages for the death of her husband, J. W. McBride, whose death was alleged to have been caused by the negligence of the defendants in failing to keep enclosed a stairway leading from the sidewalk to the basement of a building owned by Mrs. Berman, situated in the city of Fort Smith. The case was tried before a jury on issues raised as to negligence of Mrs. Berman, the owner, and the other defendants in their several relations to the property, and the contributory negligence of McBride, and on a question of necessary parties. At the conclusion of the evidence the court gave a peremptory instruction to find

in favor of defendants, P. Berman, Young and Belt, and Mrs. McBride appeals from that judgment. The jury returned a verdict for $2,000 in favor of Mrs. McBride against Mrs. Berman, and from a judgment entered thereon Mrs. Berman appealed.

At the threshold of the case is the question of parties. The evidence of the plaintiff, Mrs. McBride, showed these facts: That she was the widow of J. W. McBride; that no children had been born to them, and that McBride's next of kin were a sister and two brothers. She further testified that McBride did not contribute to the support of his sister or his brothers. There was no administration upon the estate of McBride. Mrs. Berman, in her appeal, and Berman, Young and Belt in Mrs. McBride's appeal, contend that, in the absence of an administrator, the next of kin are necessary parties, and without them that there is a fatal defect in parties preventing Mrs. McBride maintaining the action. Mrs. McBride contends that, having shown affirmatively, and the testimony being uncontradicted, that McBride did not contribute to the support of his next of kin, they have no cause of action, and she is the real party in interest, and only party in interest, and therefore capacitated to sue alone.

The vice in the latter argument is that it allows the maintenance of the suit on testimony which may be contradicted or rebutted by the next of kin, and yet they are not given the opportunity to do so by being made parties, nor their interests protected by an administrator. The result of such construction would be to allow as many suits for the death of a person as there might be parties mentioned in the statute, who receive contributions from him. In this case, for instance, the evidence here shows that McBride contributed most of his earnings to the support of his wife; but the sister and brothers have not been heard, and in subsequent suits, each suing for himself or herself, evidence might be adduced showing dependence upon him or contributions from him, and thus Mrs. Berman be subjected to a suit by the widow and additional suits by each of the heirs at law for the one negligent act.

Manifestly, these statutes did not intend this splitting of the cause of action, and contemplate this multiplicity of actions for one act of negligence resulting in death. The statute (sections 6239 and 6290, Kirby's Digest), commonly called "Lord Camp-

bell's Act," intends one action to be brought for the death sued on. This action must be brought by the personal representative, if there be administration. If there is no administration, then the action must be brought by the heirs at law of such deceased person. While the wife is not technically an "heir at law," yet she is specifically named in this statute as a beneficiary in such action for the recovery for "pecuniary injuries" resulting from the death of the husband, and the term "heir at law" is used in the broader sense of one receiving a distributive part of the estate and a beneficiary of the action created by these acts. This was the conclusion reached by the United States Circuit Court of Appeals for this (the Eighth) circuit in a case appealed from this State involving this question. *St. Louis, I. M. & S. Ry. Co.* v. *Needham,* 52 Fed. 371, the opinion written by Judge Sanborn. The case was heard before Circuit Judges Caldwell and Sanborn and District Judge Shiras. The deference paid to decisions of that court is increased in this instance by the participation and concurrence in the judgment of Judge Caldwell, whose long and intimate familiarity with the statutes of Arkansas gives additional weight to the construction placed upon them by the Court of Appeals in this decision. Without following all that is said by Judge Sanborn in deciding this case, the court does follow the conclusion reached; that is, that in default of a personal representative an action brought under Lord Campbell's act must make the widow (if there be one) and the heirs at law parties thereto.

It follows from this conclusion that the case of McBride *v.* Berman must be affirmed, and the case of Berman *v.* McBride must be reversed, and the cause remanded.