MORGAN *v.* RANKIN.

4-5208                                        122 S. W. 2d 555

Opinion delivered November 28, 1938.

*Owens, Ehrman & McHaney* and *John M. Lofton, Jr.*, for appellant.

*G. B. Colvin*, for appellee.

SMITH, J. On June 10, 1935, J. E. Morgan, while driving a truck for the Cudahy Packing Company, collided with a sedan car driven by L. H. Rankin, and as a result of this collision Morgan was injured and Rankin was killed. Annie J. Rankin, the widow of the deceased, qualified as administratrix of her husband's estate, and was sued in that capacity by Morgan to compensate the injury which he had received. He recovered a judgment against the estate, which was affirmed on the appeal to this court. *Rankin* v. *Morgan*, 193 Ark. 751, 102 S. W. 2d 552. The administratrix did not file a cross-complaint, and the cause went to trial on an answer alleging that Morgan was guilty of contributory negligence. The judgment recovered in that case was satisfied by payment. While that appeal was pending, and while Mrs. Rankin was still administratrix of her husband's estate, she filed suit as widow to recover damages occasioned by loss of contributions made to her by her deceased husband against both Morgan and his employer. A demurrer was filed alleging that appellee could not maintain the action in her own right, and, on the day set for hearing the demurrer, she elected to take a nonsuit. On March 31, 1937, the administratrix filed a final report of her administration, and on April 21, 1937, she was discharged as administratrix. On April 27, 1937, she filed this suit upon the same cause of action upon which her first suit was based.

A demurrer was filed to this complaint, upon the grounds (1) that the widow has no right to sue, because there had been administration upon her husband's estate and a personal representative capable of suing under the so-called Lord Campbell's Act; (2) that there was a defect of parties, in that the plaintiff failed to join the next of kin as parties, and (3) that the judgment affirmed by the Supreme Court was *res adjudicata* of the present controversy, since it was the administratrix's duty to have filed a cross-complaint or counterclaim in

that action for the benefit of herself as widow and next of kin.

On November 23, 1937, three days before the date set for the trial, Thelma Lee Teal filed an intervention, in which she alleged that she was the only child of L. H. Rankin; that she was married and did not live with her father, and that at the time of his death he was making no contribution towards her support, and she prayed that judgment be rendered on her mother's complaint for the sole use and benefit of her mother. A motion to dismiss the intervention was filed upon the ground that any cause of action which the intervener may have had was barred by the statute of limitations when the intervention was filed. This motion was overruled and exceptions duly saved. The cause proceeded to trial, and there was a judgment in favor of the widow for her personal benefit, from which is this appeal.

The answer to the question, whether the former judgment, which this court affirmed, bars the present suit, requires a consideration of the application of certain declarations of law announced in numerous cases cited in the briefs of opposing counsel.

When the wrongful act of one party results in the death of another, more than one cause of action may arise. If, as a result of the injury causing death the deceased endured conscious pain and suffering, a recovery may be had on that account, which inures to the benefit of the estate of the deceased. In addition, the heirs and dependents of the deceased may recover damages to compensate their loss.

However, in prosecuting such suits the provisions of the act commonly known as Lord Campbell's Act, which confers the right to sue in death cases, must be pursued. Sections 1277 and 1278, Pope's Digest.

In construing this act in the case of *McBride* v. *Berman,* 79 Ark. 62, 94 S. W. 913, it was said that, while the wife was not technically an "heir at law," that phrase had been used in the statute in the broader sense of one receiving a distributive part of the recovery, and included his wife.

In again construing this statute in the case of *Law v. Wynn,* 190 Ark. 1010, 83 S. W. 2d 61, it was held that the term "next of kin" means all the children of decedent, and is not limited to children dependent on the deceased.

This statute (§ 1278, Pope's Digest) provides that "Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, . . . if there be no personal representatives then the same may be brought by the heirs at law of such person." And in the case of *Southwestern Gas & Electric Co.* v. *Godfrey,* 178 Ark. 103, 10 S. W. 2d 894, it was said that "the right of the heirs and next of kin of the decedent to sue for damages for his wrongful death is dependent upon there being no personal representative of such decedent, and, since the complaint of the heirs and next of kin did not allege there was no personal representative of the deceased, and did allege that J. R. Godfrey was the administrator of his estate, it did not state a cause of action as to them, and was subject to. the demurrer, which should have been sustained (citing cases). Since the suit was brought by the administrator or personal representative of the decedent, however, who had the right to recover all damages resulting from his wrongful death, no prejudice resulted from the court's failure to sustain the demurrer, and the error was harmless." See, also, *McBride* v. *Berman, supra; Kansas City Southern Ry. Co.* v. *Henrie,* 87 Ark. 443, 112 S. W. 967; *Kansas City Southern Ry. Co.* v. *Frost,* 93 Ark. 183, 124 S. W. 748; *Jenkins* v. *Midland Valley R. R. Co.,* 134 Ark. 1, 203 S. W. 1; *Law* v. *Wynn, supra; Ashcraft* v. *Jerome Hardwood Lbr. Co.,* 173 Ark. 135, 292 S. W. 386. The subject is exhaustively annotated in the note appearing in L. R. A. 1916E, p. 112.

Now, when the suit of Morgan against the estate of Rankin was brought and was tried, there was a personal representative of Rankin's estate. The appellant herself was that person. She then had the right to recover for herself, for the estate and for all others, any and all damage for which Morgan was responsible. She elected not to allege these damages in the suit by Morgan against

the estate of which she was the administratrix, but contented herself with the allegation that Morgan's own negligence had contributed to his injury, and that he could not recover on that account, and this issue was decided adversely to her contention.

It is true Morgan's employer was not a party to that suit, but it could have been made a party, as was done in this case. Morgan was, of course, a party, being the plaintiff in that action, and if there is any liability on the part of the Cudahy Packing Company, Morgan's employer, it is under the doctrine of *respondeat superior*, but Morgan's liability was primary and personal. The Cudahy Packing Company could not be held liable unless Morgan was negligent. It was alleged in the answer of the administratrix that Morgan was negligent, and that his negligence caused or contributed to the collision, resulting in his injury and in Rankin's death, and that was the issue tried in the former case.

It is true the administratrix made this allegation for the purpose of defeating a recovery against the estate of which she was the administratrix, and not for the purpose of recovering damages on account of the death of her intestate. But, under the facts stated, we think she did not have the right to split the action into its several parts. Morgan's employer could have been made a party had the administratrix desired to do so, but without the Cudahy Company being a party, other parties were before the court who had the right to litigate the question of liability for the collision. The widow, as administratrix, had the right to represent, not only herself and the estate of her intestate, but all "heirs-at-law," and to recover any damages accruing.

There were no interests which she did not represent. It was said in the case of *McBride* v. *Berman, supra,* "manifestly, these statutes did not intend this splitting of the cause of action, and contemplate this multiplicity of actions for one act of negligence resulting in death. The statute (§§ 6289 and 6290, Kirby's Digest), commonly called 'Lord Campbell's Act,' intends one action to be brought for the death sued on.

This action must be brought by the personal representative, if there be administration. If there is no administration, then the action must be brought by the heirs at law of such deceased person.''

The statute (§ 1416, Pope's Digest) provides that, ''in addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense, counterclaim, or set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished.''

The widow, as administratrix of her husband's estate, had the right, and, we think, was under the duty, of litigating, in the suit against her as administratrix, all the questions which she raised in the suit later brought for her personal benefit.

If one participant in an automobile collision may, when sued by the other, waive the right to assert his own damages as a result of the collision and later sue for such damages in a separate suit we may reasonably expect two suits in many of such cases, and a more prolific and profitable field of litigation will be opened up than existed in the case of suits by guests against their hosts, before the passage of our guest statute on that subject.

We think the present cause of action was barred by the former suit, and the judgment here appealed from awarding damages to appellee will be reversed, and the cause dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.

DONHAM, J., disqualified and not participating.