ADAMS AND RUSHER v. HENDERSON.

4-5392                  125 S. W. 2d.472

Opinion delivered February 27, 1939.

908

*Partain & Agee,* for appellants.

*Warner & Warner,* for appellee.

McHANEY, J. All the parties to this action are residents of the city of Fort Smith. Appellee is engaged in the bottling business there under the name of Dr. Pepper Bottling Company. This litigation grows out of a collision on Garrison Avenue in said city, of appellee's truck driven by one Plunkett with a Chevrolet automobile driven by appellant Adams as agent of appellant Rusher who was riding with Adams at the time of the collision which occurred on August 26, 1938.

Thereafter, on September 9, 1938, appellee brought this action against appellants in the Sebastian circuit court, Fort Smith district, to recover the damage done to his truck alleging negligence in the operation of said automobile and service was had on them on said date. On October 3, 1938, appellants filed their joint answer, attacking the jurisdiction of said court upon the ground that prior to September 9, to-wit, on September 1, 1938, they had filed suit against appellee and said Plunkett in the Crawford circuit court seeking to recover damages for personal injuries sustained by each of them in said collision, in the case of Adams, $10,000.00, and in the case of Rusher, $5,000.00. It was alleged that service was had upon appellee and Plunkett on September 1,—upon appellee in Crawford county, which return shows that it was had by serving another truck driver

of appellee, and upon Plunkett in Sebastian county; that the Crawford circuit court thereby obtained exclusive jurisdiction to hear and determine said cause; that on September 30, 1938, an adjourned day of the Crawford circuit court appellee appeared specially therein and moved to quash service upon him, which was overruled; that he then moved to have the complaint made more definite and certain, which was conceded, and the complaint amended; and that thereafter appellee and Plunkett filed separate answers denying the allegations of negligence and pleading contributory negligence, and that appellee did not set up any counter-claim or cross-action against appellants. He did set up the fact that he had brought the action above mentioned in the Sebastian circuit court and that said cause had been set for trial for October 4, and for that reason he was not filing any counter-claim or cross-action in the Crawford circuit court. The prayer was that appellee's complaint be dismissed or in the alternative that the action be abated, pending the outcome of the previous action in the Crawford circuit court. Appellee demurred to this answer on the ground that it ''does not contain facts sufficient to constitute a defense in law or grounds for abatement.'' The trial court sustained this demurrer over appellant's objections and exceptions. They elected to stand on their answer and plea. On October 20, the case came on for trial, appellants were adjudged to be in default, a jury was empaneled to determine the amount of damages, and a verdict was returned for appellee for $250.00, on which judgment was entered. The case is here on appeal.

The sole question, therefore, is: Did the trial court have jurisdiction or should it have abated the action pending trial in the Crawford circuit court?

It cannot be doubted that the Crawford circuit court had jurisdiction of the subject-matter, and, for the purpose of this opinion, we assume it had jurisdiction of the parties, although all of them, plaintiffs and defendants, resided in Fort Smith in Sebastian county. It is also true and cannot be doubted that, but for the filing of the prior suit in Crawford county, the Sebastian cir-

cuit court had jurisdiction of the subject-matter and the parties. Did the filing and pendency of the prior action in the former court oust the jurisdiction of the latter? We think this question must be answered in the negative. In contending that it did, we think counsel for appellants have misconceived and misconstrued the statute and the decisions of this court applicable thereto. The statute relied on is § 1416 of Pope's Digest which provides what "the answer shall contain" in four paragraphs, the first and second not being applicable here. The third and fourth paragraphs are as follows: "Third: A statement of any new matter constituting a defense, counterclaim or set-off, in ordinary and concise language, without repetition.

"Fourth: In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense, counterclaim or set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished."

It is insisted that, since the passage of act 54 of 1935, in which the word "must" as used in paragraph four above was substituted for the word "may" as used in the prior statute, it is imperative that a "defendant must set out in his answer as many grounds of defense, counterclaim or set-off, whether legal or equitable, as he shall have." If appellee had gone to trial in the Crawford circuit court, without pleading his cross-action by way of counterclaim or set-off, he would have undoubtedly been thereafter barred of his right to maintain his action in the Sebastian circuit court, if pleaded, as it would have been *res adjudicata*, as held in the recent case of *Morgan* v. *Rankin, ante* p. 119, 122 S. W. 2d 555, relied on by appellants.

In *Morgan* v. *Rankin, supra*, Mrs. Rankin sued Morgan and another for the wrongful death of her husband, which grew out of an automobile and truck collision in which Morgan was injured and Rankin killed, long after

Morgan had sued the estate of Rankin, recovered judgment, and it affirmed by this court on appeal. She did not file a cross-complaint in Morgan's suit against the estate, of which she was the administratrix, to recover for the wrongful death of her husband, but went to trial on a general denial and a plea of contributing negligence. In this situation we said: "The widow, as administratrix of her husband's estate, had the right, and, we think, was under the duty of litigating, in the suit against her as administratrix, all the questions which she raised in the suit later brought for her personal benefit.

"If one participant in an automobile collision may, when sued by the other, waive the right to assert his own damages as a result of the collision and later sue for such damages in a separate suit we may reasonably expect two suits in many of such cases, and a more prolific and profitable field of litigation will be opened up than existed in the case of suits by guests against their hosts, before the passage of our guest statute on that subject.

"We think the present cause of action was barred by the former suit, and the judgment here appealed from awarding damages to appellee will be reversed, and the cause dismissed."

It was barred because it was *res adjudicata.* That is a wholly different situation from that presented in this case. Here, appellants sued appellee and Plunkett in the Crawford circuit court, and eight days later, appellee sued appellants in the Sebastian circuit court, long before he was required to answer in the Crawford circuit court. The parties in the latter were not the same as in the former. Plunkett, appellee's driver, was a defendant in the former, but was not a party in the latter. Neither was there the same cause of action in both cases, although both cases arose out of the same collision. In the former, appellants sued appellee and Plunkett to recover damages for personal injuries, while in the latter, appellee alone sued appellants for the damage to his truck. Section 1411 of Pope's Digest provides that the defendant may demur to the complaint where it appears

on its face: "Third. That there is another action pending between the same parties for the same cause." It has been several times held that if the pendency of the other action is not shown on the face of the complaint, so as to make it open to demurrer, it may be taken by answer, and if not taken by either it is waived. *Kastor v. Elliott,* 77 Ark. 148, 91 S. W. 8; *Board of Directors* v. *Redditt,* 79 Ark. 154, 95 S. W. 482. Appellants undertook to raise the question here by answer, but it would appear to be sufficient to say that the parties are not the same nor are the two actions the same.

In the recent case of *Anderson* v. *Erberich,* 195 Ark. 321, 112 S. W. 2d 634, a similar situation existed. A collision between a truck driven by Erberich and an automobile driven by Anderson resulted in personal injuries to both. Anderson sued Erberich's employer in the Crawford circuit court and Erberich sued Anderson in the Sebastian circuit court and recovered judgment against him. In disposing of the question of the jurisdiction of the latter court on account of the pendency of the former suit, this court said: "It is first insisted that the Sebastian circuit court had no jurisdiction of the cause of action, for the reason that jurisdiction of the cause had been acquired by the previous suit filed in the Crawford circuit court. A sufficient answer to this insistence is to say that appellee was not a party to that suit."

In *Church* v. *Gallic,* 76 Ark. 423, 88 S. W. 979, it was held to quote the language of this court in *Sims* v. *Miller,* 151 Ark. 377, p. 386, 236 S. W. 828, that "If more than one action between the same parties and with reference to the same subject-matter is pending the first judgment rendered in either action bars the other action, regardless of priority of commencement." In the latter case it was held, to quote a syllabus, that: "The mere filing of a complaint in one court while another action is pending in another court of this state does not operate as a dismissal of the prior action; the pendency of a prior action being ground of demurrer if it appears on the face of the complaint, or of defense by answer if it does not so appear." This statement is of course conditioned

on the fact that the parties are the same and the subject-matter the same as they were in that case, Miller being the plaintiff and Sims the defendant in both actions and in both Miller was seeking to recover a sum claimed due for breach of a written contract.

Appellants, also, rely on *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S. W. 467, and *Vaughan* v. *Hill,* 154 Ark. 528, 242 S. W. 826. The latter case cites the former to support this statement: "When a case is brought in a court of competent jurisdiction, the authority and control of that court over the case continues until the matter is disposed of in the appellate court. The principle is essential to the proper and orderly administration of the law." In the former the parties and the subject-matter were the same and in the latter, the above statement was made in holding that a court of equity has jurisdiction to enforce an attorney's lien and that the court erred in removing such a suit to a court of law over appellant's objections. Like or similar distinctions exist in all the other cases cited by appellants.

We think that the necessary effect of § 1416 of Pope's Digest, as quoted and as construed by our decisions, is that if a defendant goes to trial without pleading any cross-action he may have, he may, thereafter, be barred from maintaining it, but that the mere pendency of an action in one court against two defendants does not preclude one of them from maintaining in another court of concurrent jurisdiction an independent action growing out of the same incident, where the subsequent action is first brought to trial.

It necessarily follows that the judgment must be affirmed.