ROSENBLUM v. TRULLINGER et al.

JACOBS v. TRULLINGER et al.

TRULLINGER

v.

ROSENBLUM et al. (two cases).

Nos. 2683, 2684, 2687, 2688.

United States District Court
E. D. Arkansas, W. D.

Feb. 10, 1954.

Edward Lester, Little Rock, Ark., Milton C. Picard, Jr., Memphis, Tenn., Virgil Moncrief, Joseph Morrison, Stuttgart, Ark., for plaintiffs.

Joseph Morrison, Virgil Moncrief, Stuttgart, Ark., Edward Lester, Little Rock, Ark., for defendants.

LEMLEY, District Judge.

These four cases [1] are before the Court upon separate motions filed herein by Donald Trullinger and O. C. Trullinger to dismiss No. 2683 and No. 2684 and to remand No. 2687 and No. 2688 to the Circuit Court of Arkansas County, Arkansas, which motions have been submitted upon written briefs.

The accident out of which this litigation arose took place on April 22, 1953, at a point on U. S. Highway No. 79 near Stuttgart, Arkansas, and it involved a

[1]. No. 2683 and No. 2684 are original actions commenced in this Court by Morris Rosenblum and Jack J. Jacobs, respectively, against O. C. Trullinger and Donald Trullinger; No. 2687 and No. 2688 are cases commenced by Donald Trullinger and O. C. Trullinger, respectively, against Rosenblum and Jacobs in the Circuit Court of Arkansas County, Arkansas, and which have been removed to this Court by the said Rosenblum and Jacobs.

collision between a truck which was the property of Donald Trullinger and which was being operated at the time by O. C. Trullinger, and an automobile belonging to and being operated by Morris Rosenblum, and in which Jack J. Jacobs was riding. All three occupants of the vehicles were injured, and both vehicles were damaged. After the collision four separate suits were filed by the parties affected by said accident. The Trullingers initiated the litigation by filing two suits in the Circuit Court of Arkansas County against Rosenblum and Jacobs; in each of the complaints in said cases the amount demanded was less than $3,-000. Thereafter, Rosenblum and Jacobs filed original suits in this Court against the Trullingers, alleging diversity of citizenship and seeking to recover sums substantially in excess of $3,000. The day following the filing of their original actions here, Rosenblum and Jacobs filed answers and counterclaims in the state court actions, and on the same day removed the same to this Court. In their answers and counterclaims Rosenblum and Jacobs referred to the fact that they had filed original actions in this Court, and alleged that said answers and counterclaims had been filed by reason of Section 27–1121 of the Arkansas Statutes, which provides that the defendant must set out in his answer as many grounds of defense, counterclaim or set-off as he may have; it is further averred that the answers and counterclaims had been filed for the purpose of placing of record "the jurisdictional allegations for removal * * * to the United States District Court" to the end that the state court cases might be consolidated with the original actions pending in this Court. It is noted that the amounts sought by Rosenblum and Jacobs in their counterclaims in the removed actions are the same as those sought by them in the original actions.

With respect to the original actions, Rosenblum and Jacobs contend that all of the suits growing out of this accident are purely in personam, and that the prior pendency of the state court litigation did not bar them from commencing and prosecuting their original actions here. With respect to the two removed cases, Rosenblum and Jacobs contend that by virtue of the Arkansas statute above mentioned they were compelled to file their answers and counterclaims in the state court, and that since each of them sought to recover more than $3,000 on his counterclaim, they had the right to remove the cases. In the latter connection, they rely upon the decision of Judge John E. Miller in Wheatley v. Martin, D.C.Ark., 62 F.Supp. 109.

The Trullingers apparently concede that Rosenblum and Jacobs had the right to file their original actions here notwithstanding the pendency of the state court suits, but they contend that by reason of certain Arkansas statutes presently to be mentioned their adversaries were not required to file their answers and counterclaims in the state court, and that said counterclaims, having been unnecessarily filed, as they contend, afforded no basis for removal. They further contend that by filing said counterclaims Rosenblum and Jacobs lost their right to prosecute their original actions in this court, and that the same should be dismissed or at least held in abeyance pending determination of the state court litigation. We are unable to agree with these contentions with respect to either the original or the removed actions, and have concluded that all of the pending motions must be overruled.

◼ The identical situation which is before us in these cases was before Judge Miller in the Martin-Wheatley litigation [2] heretofore mentioned, the facts in which, insofar as here pertinent, were substantially as follows: One Wheatley, a citizen of Arkansas, filed suit in the Circuit Court of Garland County, Arkansas, against Mrs. Martin, a nonresident of Arkansas, to recover $1,500 which he claimed was due him because a check given him by Mrs. Martin had not been

2. Martin v. Wheatley, D.C.Ark., 62 F. Supp. 104, and Wheatley v. Martin, supra.

honored upon presentation at the bank. Some days later, Mrs. Martin filed a suit in federal court in Hot Springs against Wheatley to recover $4,300 which she claimed that she had lost to Wheatley while gambling with him. Subsequently, she filed an answer and counterclaim in the state court setting up the same claim and also filed a petition to remove the case to the federal court. Her answer and counterclaim in the state court contained language similar to that found in the answers and counterclaims in No. 2687 and No. 2688 now before us. After Wheatley's suit against Mrs. Martin was removed to federal court, he filed a motion to dismiss her original action in that court and a motion to remand the removed action, just as has been done by the Trullingers in the instant cases. Both of said motions were denied.

With respect to the motion to dismiss Mrs. Martin's original suit, Judge Miller held that since both of the actions which had been commenced were purely *in personam*, the prior pendency of the state court litigation was no bar to the prosecution of the federal suit, and, further, that by reason of the provisions of Section 27–1121 of the Arkansas Statutes (then Section 1416 of Pope's Digest), as construed by the Supreme Court of Arkansas in Morgan v. Rankin, 197 Ark. 119, 122 S.W.2d 555, 119 A.L.R. 1466, and in Adams v. Henderson, 197 Ark. 907, 125 S.W.2d 472, Mrs. Martin was compelled to file her answer and counterclaim in the state court, and that the fact that she had done so under such circumstances did not bar her from prosecuting her federal court action. In reaching these conclusions the Court cited: Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; McClellan v. Carland, 217 U.S. 268, 30 S. Ct. 501, 54 L.Ed. 762; Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 67 L.R.A. 761; Haney v. Wilcheck, D.C. Va., 38 F.Supp. 345; and 1 Moore's Federal Practice, page 230. Those authorities amply sustain the decision reached.

In denying Wheatley's motion to remand the suit commenced in the state court, Judge Miller recognized the general rule that jurisdictional amount is ordinarily determined from the plaintiff's complaint without reference to any counterclaim filed by the defendant, and the further rule that a nonresident defendant who voluntarily files a counterclaim in the state court thereby submits to the jurisdiction of that court; but he held that those rules have no application where the counterclaim is "compulsory" rather than "permissive", and that where a nonresident defendant is sued in the state court for less than $3,000 and files a compulsory counterclaim for more than that amount, he may remove the cause. Support for that holding is found in McKown v. Kansas & T. Coal Co., C.C.Ark., 105 F. 657; Lange v. Chicago, R. I. & P. R. Co., D.C.Iowa, 99 F.Supp. 1; and 1 Moore, op. cit., p. 687.

In view of the fact that we are in agreement with the results reached in the Wheatley-Martin litigation, we would ordinarily dispose of the pending motions simply by entering orders overruling them and would not file any formal memorandum on connection therewith. The Trullingers advance an argument, however, which apparently was not made before Judge Miller in the litigation just referred to, and which we feel we should comment upon.

It is argued by the Trullingers that by reason of Sections 27–1115 and 27–1119 of the Arkansas Statutes, which sections were originally enacted as Sections 111 and 114 of the old Civil Code of Arkansas, Rosenblum and Jacobs were not required to plead to the merits of their adversaries' claims in the state courts or to file their counterclaims, but could have pleaded by demurrer or answer the pendency of the original actions commenced by them in this court; hence, they contend, said counterclaims of Rosenblum and Jacobs were not "compulsory" and afforded no basis for removal.

Section 27–1115 above mentioned is a procedural statute and sets out the various grounds for a demurrer to a complaint in the state court; the third ground prescribed by said section is,

"That there is another action pending between the same parties for the same cause". Section 27–1119 provides that when any of the matters referred to in Section 27–1115 do not appear on the face of the complaint, the objection may be taken by answer. Under these sections, as construed and applied by the Supreme Court of Arkansas, the prior pendency of an action is a bar to the subsequent prosecution of another action between the same parties involving the same subject matter. Kastor v. Elliott, 77 Ark. 148, 91 S.W. 8; Sims v. Miller, 151 Ark. 377, 236 S.W. 828; Davis v. Lawhon, 186 Ark. 51, 52 S.W.2d 887.

█ The fallacy of this argument is that in the instant cases the state court litigation was initiated first. We do not understand the Arkansas statutes under consideration to mean that the pendency of a subsequent action between the same parties and involving the same subject matter can be pleaded in bar of a prior pending action. It seems clear that such is not the case; in this connection in Davis v. Lawhon, supra, the Court said: "If the remedies had been the same, and the parties the same in each court in this case, then the jurisdiction of the court which had been first invoked would retain jurisdiction, and no other court would exercise jurisdiction during the pendency of the first suit. In other words, where courts have concurrent jurisdiction, the one that first obtains jurisdiction will determine the case, and no other court with concurrent jurisdiction would be permitted to interfere." 186 Ark. at page 56, 52 S.W.2d at page 889. We are satisfied that Sections 27–1115 and 27–1119 were not available to Rosenblum and Jacobs in the state court, and that by reason of the provisions of Section 27–1121, referred to in their pleadings in the state court, they were required to answer to the merits of the Trullinger claims and to plead their counterclaims; hence, under the rule announced in Wheatley v. Martin, supra, they had the right to remove the state court litigation to this court.

█ . We are likewise of the opinion that Sections 27–1115 and 27–1119 have no application to an original action commenced in this court; where the jurisdiction of a federal court is properly invoked, as the case here is, the right of such court to proceed to judgment is governed by federal rather than state law. Barber Asphalt Paving Co. v. Morris, supra. The federal rule is authoritatively stated in the leading case of Kline v. Burke Construction Co., supra, wherein the Supreme Court, after pointing out that in actions in rem the court which first acquires jurisdiction of the res retains jurisdiction to the exclusion of all other courts, said:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." 260 U.S. at page 230, 43 S.Ct. at page 81.

It was further said:

" "* * * Where a suit is strictly in personam, in which nothing more than a personal judgment is

sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law.' " 260 U.S. at page 232, 43 S.Ct. at page 82.

Even if we believed, as we do not, that the statutes invoked by the Trullingers are applicable to the original actions before us (No. 2683 and No. 2684), the application of said statutes to those cases would be of no practical benefit to the Trullingers since jurisdiction of the removed cases (No. 2687 and No. 2688) is to be retained, and said cases would in any event have to be tried here.

Let orders be entered overruling all of the pending motions.