ALLEN, Judge.
This is an appeal from a final judgment in a negligence action entered after a verdict in favor of the defendant, Pat Whitaker. Mary E. Gulick, and husband, Glenn G. Gulick, were suing the defendant for damages growing out of a head-on collision between a car driven by the defendant and a car driven by plaintiff-husband which, however, was owned by plaintiff-wife and in which she rode as a passenger. Plaintiffs appeal.
No question is raised by the appellant as to the sufficiency of the evidence to sustain the jury’s verdict.
Three basic points are stated by the appellants, but the only one which we shall consider is:
“Whether or not the trial court committed reversible error by instructing the jury that should they find plaintiff-driver, Mr. Gulick, guilty of contributory negligence, then plaintiff-passenger-owner, Mrs. Gulick, cannot recover.”
Subsequent to the trial of this case, the Supreme Court of Florida, in an opinion by Mr. Justice Thornal, held that an owner-wife could not recover in a negligence action where she was riding with her husband and he was guilty of contributory negligence, as his negligence would be imputed to her. The Court was careful to emphasize that the negligence of the husband in an automobile negligence action was based on the application of the principle of respondeat superior. When one permits another to operate his automobile under his license, he becomes as a matter of law the principal and the driver becomes his agent for this purpose.
Under the decision in Weber v. Porco, Fla.1958, 100 So.2d 146, the negligence of the husband is not imputed to the wife merely because of the relationship of husband and wife. The same burden would be imposed if her car was driven by any one else.
We, therefore, hold on the authority of Weber v. Porco, supra, that the lower court should be affirmed.
Affirmed.
KANNER, C. J., and STEPHENSON, Associate Judge, concur.