123 So.2d 747 (1960)
Coleen PESCE, Appellant,
v.
Eli LINAIDO and Ronny Molko, Appellees.
No. 59-471.
District Court of Appeal of Florida. Third District.
October 31, 1960.
Rehearing Denied November 18, 1960.
*748 Dermer & Rosen and Alan H. Rothstein, Miami Beach, for appellant.
Carey, Goodman, Terry, Dwyer & Austin, Miami, and Clifford B. Selwood, Jr., Fort Lauderdale, for appellees.
HORTON, Chief Judge.
Appellant, plaintiff below, appeals from a summary final judgment in favor of the defendants. This action arose out of an automobile accident. The plaintiff charged defendant Molko, the driver of an automobile owned by the defendant Linaido, with negligence which was alleged to be the proximate cause of certain injuries sustained by her. Defendants in their answer, and by way of affirmative defense, alleged "that as a result of the injuries sustained in the accident complained of, the defendant, Ronny Molko, through his father and next friend, Joseph R. Molko, instituted a suit against the plaintiff, Coleen Pesce, and filed the same in the Civil Court of Record in and for Dade County, Florida, bearing case No. 58-5906; that in said suit Coleen Pesce was accused of negligence and of causing the injuries sustained by Ronny Molko. The defendants would further show that though the plaintiff, Coleen Pesce, was represented by counsel and filed an answer in the cause, that she did not file a counterclaim in this action as required by Rule 1.13(1) of the Florida Rules of Civil Procedure, 30 F.S.A., which made it compulsory for a defendant, at the time of filing her answer, to set forth as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the action * * *." The defendants further alleged that as a result of said suit, judgment was entered in favor of defendant Molko which was fully paid and a satisfaction of judgment was executed, filed and recorded. In addition to the defenses directed to the plaintiff's failure to assert a compulsory counterclaim, the defendants relied upon defenses of estoppel by judgment and res judicata.
*749 Upon deposition, the plaintiff admitted that she was aware of defendant Molko's claim and further indicated that it was being processed by her insurance carrier. Relying upon this deposition, the pleadings and the original record of the civil court of record case No. 58-5906, the defendants moved for summary judgment. The trial court indicated that in addition, it had considered the findings of fact and final judgment dated October 3, 1958, in case No. 58-5906, and the order correcting findings of fact and final judgment dated April 29, 1959, entered in said cause, and upon hearing argument and admissions of counsel, granted defendants' motion.
The appellant's arguments on appeal are based primarily upon the recitation in the order correcting findings of fact in final judgment wherein the judge of the civil court of record indicated that he understood the proceedings before him in case No. 58-5906 was merely in the nature of a "friendly suit" to secure court approval of a settlement for the minor, Ronny Molko, with appellant's insurance carrier and was not an adversary proceedings intended to adjudicate all issues involved. We conclude that Rule 1.13(1) governs and supports the holding of the trial court.
Appellant has not contended or shown that the attorneys who appeared in her behalf and filed an answer in the civil court of record were not authorized to appear in her behalf. We must conclude that although the civil court of record suit may have been a "friendly suit" it was such an action as is contemplated in Rule 1.13(1) Florida Rules of Civil Procedure, which provides:
"The defendant, at the time of the filing of his answer, shall state as a counterclaim, any claim, whether the subject of a pending action or not, which he has against the plaintiff, arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
This rule on compulsory counterclaim, although derived from our statutes and earlier rules,[1] is similar in many respects to Federal Rule 13(a), 28 U.S.C.A. Rule 13(a) is "mandatory" and if the defendant does not plead any counterclaim which he has, all right of action thereon is foreclosed. 1A Barron & Holtzoff, Federal Practice & Procedure § 394.
Our Supreme Court, in applying the "compulsory counterclaim rule" in Newton v. Mitchell, Fla. 1949, 42 So.2d 53, 55, said:
"In arriving at this conclusion we are not uninfluenced by the knowledge of the vast amount of litigation now appearing in the courts growing out of the collisions of motor vehicles and the great importance of determining such controversies as speedily, economically, and accurately as possible. The circuit judge's decision that Newton should not be allowed to present his claim independently harmonizes with our view that application of the statute in such fashion will ultimately benefit litigant and court."
We are not here concerned with the absolute bar which arises under the doctrine of res judicata or estoppel by judgment from a judgment entered as a result of actual litigation of the issues raised. We are instead confronted with a bar created by Rule 1.13(1) Florida Rules of Civil Procedure. It has been generally held under Federal Rule 13(a) or similar state rules or statutes that a failure to so assert a compulsory counterclaim precludes assertion thereof in a subsequent action. Annotation 22 A.L.R.2d 621. This penalty has been applied for failure to assert a compulsory counterclaim where the first action has resulted in a consent or default judgment not tried upon its merits, but the action must necessarily have proceeded to a judgment. Schott v. Colonial Baking Company, D.C. *750 Ark. 1953, 111 F. Supp. 13; Shrieves v. Yarbrough, 220 Ark. 256, 247 S.W.2d 193; Mensing v. Sturgeon, 1959, 250 Iowa 918, 97 N.W.2d 145; Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 100; Horne v. Woolever, 170 Ohio St. 178, 163 N.E.2d 378. Compare Beauchamp v. Clark, 250 N.C. 132, 108 S.E.2d 535. Further, it should be observed that although appellee Linaido was not a party to the first suit, he could have been made a party.[2] The liability here alleged against this appellee is based upon the application of the doctrine of vicarious liability on the part of an automobile owner, which liability is bottomed squarely on the doctrine of respondeat superior. See May v. Palm Beach Chemical Company, Fla. 1955, 77 So.2d 468; Gulick v. Whitaker, Fla.App. 1958, 102 So.2d 847. Appellee Linaido could not be held liable unless appellee Molko was negligent. Clearly the effect of the rule is to require that all claims of the parties arising out of the same automobile accident should be litigated in one action. See Evans v. Thompson, D.C.Ark. 1954, 121 F. Supp. 46; Morgan v. Rankin, 197 Ark. 119, 122 S.W.2d 555, 119 A.L.R. 1466.
Having permitted the disposal of the first action and failing to assert a compulsory counterclaim therein as the rule contemplates, appellant is now precluded from asserting the cause in a separate and independent action.
Accordingly, the judgment appealed is affirmed.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.
PEARSON, Judge (dissenting).
It is clear that appellant through her public liability insurance carrier allowed the infant, Molko, to recover a judgment which carried with it an adjudication of her negligence in the accident. She now seeks an adjudication that she was not negligent but that the appellees Molko and Linaido were negligent. It is my view that the proceedings in the civil court of record pursuant to § 45.02 Fla. Stat., F.S.A., were in the nature of an approval of a settlement[1] and not subject to the compulsory counterclaim rule.
Admittedly I am influenced to this view by the fact that it appears that any other would defeat rather than further a just determination of the issues of the instant case. Cf. Scott v. Rosenthal, Fla. App. 1960, 118 So.2d 555.
NOTES
[1] Equity Rule 35 and § 52.11, Fla. Stat., F.S.A.
[2] Rule 1.13(8), Florida Rules of Civil Procedure.
[1] The "order correcting findings of fact and final judgment" entered by the judge of the civil court of record would substantiate this view. This order would appear to be binding until and unless directly attacked. It is in part as follows:

"That it was the meaning and intention of this court in entering its findings of fact and final judgment dated October 3, 1958, to ascertain that the settlement in the sum of $500.00 proposed by the insurance carrier of defendant Coleen A. Pesce was reasonable and for the best interests of the minor plaintiff and was offered as a compromise settlement of a contested and disputed claim for damages without the admission of liability by the defendant. This court found and now finds that said settlement was fair and reasonable and for the best interests of the minor plaintiff to accept the settlement. It was the further intention of this court by said friendly suit proceedings to authorize Joseph R. Molko as father and next friend of Ronald S. Molko, a minor, to accept the settlement and to execute a full, valid and binding release upon receipt of said sum on behalf of the minor plaintiff.
"That the findings of fact and final judgment dated October 3, 1958 were made and entered for the sole purpose described in paragraph 2 hereof and were in no wise intended to operate as an adjudication or determination as to the fault, liability, negligence or contributory negligence of any of the parties to this cause.
"The friendly suit proceedings brought without her knowledge, the defendant Coleen A. Pesce was not afforded the opportunity of filing a counterclaim in this cause for her injuries."