THOMPSON *v.* SOUTHERN LUMBER COMPANY.

Opinion delivered June 15, 1914.

1. JUDGMENTS—PARTIES—CONCLUSIVENESS.—A judgment is conclusive only between the parties and their privies. (Page 382.)

2. JUDGMENTS—PARTIES—PRIVIES.—A person who is neither a party nor a privy to a suit is not bound by the judgment rendered therein. (Page 383.)

3. DEATH BY WRONGFUL ACT—PLEADING—PARTIES.—In an action for damages for wrongful death under Kirby's Digest, § § 6289, 6290, it is an indispensable prerequisite to the maintenance of the suit that the widow and heirs of the person killed by the wrongful act shall be made parties. (Page 383.)

4. DEATH BY WRONGFUL ACT—ACTION—PARTIES.—An action for damages for death by the wrongful act of defendant, can not be maintained under Kirby's Digest, § § 6289, 6290, unless the widow and all the heirs at law are joined. (Page 384.)

5. APPEAL AND ERROR—CORRECT JUDGMENT—REASONS THEREFOR.—The Supreme Court will not reverse a judgment that is right upon the undisputed facts presented in the record, although the trial court may have based its ruling upon an erroneous reason, and a misconception of the law. (Page 384.)

Appeal from Bradley Circuit Court; *H. W. Wells,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant instituted this suit against the appellee in the Bradley Circuit Court, alleging that Mattie Thompson was the mother of Gladys Thompson, a girl child of the age of five years; that Gladys Thompson was the daughter of Tom Thompson, deceased, and his surviving heir at law; that Tom Thompson was, on the 27th day of October, 1910, an employee of the appellee lumber company, and was injured and killed by the negligence of the lumber company, setting out in detail the acts alleged as negligence. Appellant prayed judgment against the appellee in the sum of $10,000.

Appellee filed a plea of *res adjudicata,* alleging that at a former term of the Bradley Circuit Court, Mattie Thompson, for herself, Pebble Thompson, Verdie Thompson and Tom Thompson, minors, instituted suit for the collection of damages against the appellee for the alleged

negligent killing of Tom Thompson; that at his death the said Tom Thompson left surviving him the plaintiff as his widow and Pebble, Verdie and Tom Thompson, his children and heirs at law; that a trial was had and a verdict rendered in favor of the appellee and judgment was entered in its favor, from which an appeal was taken to the Supreme Court and the judgment affirmed; that the cause of action in this suit was the same as that set forth in the complaint in the present suit; that the present appellant, for Gladys Thompson, had no other or greater cause of action against the appellee than plaintiffs had in the former suit, and that this cause therefore had been formerly adjudicated. Appellee made as exhibits to its plea the complaint, answer and judgment and verdict in the former suit.

The appellant filed a response to appellee's plea, denying that the same issues were raised in the cause formerly adjudicated; denying that the parties to the former suit were the same, and denying that Gladys Thompson, for whom the present suit was instituted, was a party to the former suit, and setting up that the record did not disclose that Gladys Thompson was a party to that suit, and averring that as a matter of fact she was not made a party, and that as she was an infant, she could not act for herself and make herself a party to that suit, and that therefore the court, in the former suit, had no jurisdiction over Gladys Thompson to hear and determine any rights that she might have had in the trial of that cause; that the reason Gladys Thompson did not become a party to that suit was because of an oversight and mistake of counsel representing the plaintiff, who had no personal knowledge of the existence and being of Gladys Thompson, minor, or her rights in the premises, which mistake and oversight she was not responsible for.

The court, after hearing the testimony on the issue thus raised, sustained appellee's plea and entered a judgment dismissing appellant's complaint and adjudging costs against her, from which she duly prosecutes this appeal.

*Mehaffy, Reid & Mehaffy,* for appellant.

Plaintiff is not estopped by the former judgment, nor was she concluded by the doctrine of *res adjudicata.* Personal judgments conclude only parties and their privies.  Bigelow on Estoppel, 127; Herman on Estoppel & Res Adjudicata, Vol. 1, p. 140; 73 S. W. 96; 17 Ark. 203; 20 *Id.* 91; 82 *Id.* 419; 96 *Id.* 454; 20 *Id.* 629; 23 *Id.* 338; 64 *Id.* 330; 75 *Id.* 1; 77 *Id.* 477; 96 *Id.* 409; 105 *Id.* 86.

*Wynne & Harrison* and *Fred S. Purcell,* for appellee.

There was but *one cause* of action from the alleged wrongful death, and that was settled in 104 Ark. 196.   The matter is *res adjudicata.*   79 Ark. 62; 52 Fed. 371; 83 Ark. 545; 117 Ill. App. 512; 70 S. W. 1109; 28 *Id.* 83; 28 W. Va. 794; 86 Ky. 128; 107 Fed. 597; 85 Mo. App. 659; 118 N. Y. 163; 51 So. 529.

WOOD, J., (after stating the facts).  It appears from the pleadings and the evidence that Gladys Thompson, who was one of the children of Mattie Thompson and Tom Thompson, and an heir of Tom Thompson, was not a party to the suit that had been formerly instituted in the Bradley Circuit Court by Mattie Thompson, for herself as widow and as next friend for her children, Pebble, Verdie and Tom Thompson, against the appellee for damages alleged to have been sustained by them on account of the alleged negligent killing of Tom Thompson.

"A judgment is conclusive only between the parties and their privies." *Biederman* v. *Parker,* 105 Ark. 86; *Doss* v. *Long Prairie Levee District,* 96 Ark. 454; *Cleveland-McLeod Lbr. Co.* v. *McLeod,* 96 Ark. 409; *Updegraff* v. *Marked Tree Lbr Co.,* 83 Ark. 157; *Albie* v. *Jones,* 82 Ark. 419.

The judgment as set up in the plea of former adjudication, was a personal judgment, and could only bind the parties to that record and their privies.  Bigelow on Estoppel, p. 127.   Gladys Thompson was not a privy in interest to any of the parties to that suit.  Whatever damages she might have been entitled to recover for the alleged negligent killing of her father were given to her by the statute (Kirby's Digest, § 6290), and her proportion-

ate part of those she would receive by virtue of the statute, independent of the widow or any of the other heirs of her father, Tom Thompson. She was not connected with any of these in any way as to her part of whatever damages the widow and heirs at law of Tom Thompson might have been entitled to recover. She was therefore not a privy in interest to any of them. As she was neither a party nor a privy to the former suit, she was not bound by the judgment therein.

It does not follow, however, that because she is not bound by the proceedings in the former suit, that she is is entitled to recover in this action. In *St. Louis, I. M. & S. Ry. Co.* v. *Needham,* 52 Fed. Rep. 371, the circuit court of appeals, through Judge Sanborn, construing the above statute, held, that the widow and all other persons entitled to share in the distribution of the personal estate of the one killed by the wrongful act of another, are heirs at law, and when the widow, in the absence of personal representatives, brings a suit under the act, she must join all persons having an interest in the subject-matter therein.

And in *McBride* v. *Berman,* 79 Ark. 62, following the construction of the court of appeals, we said, construing the same statute (Kirby's Digest, § § 6289, 6290): "Manifestly these statutes did not intend this splitting of the cause of action, and contemplate this multiplicity of actions for one act of negligence resulting in death. The statute (commonly called Lord Campbell's Act) intends one action to be brought for the death sued on. This action must be brought by the personal representative, if there be administration. If there is no administration, then the action must be brought by the heirs at law of such deceased person. While the wife is not technically an 'heir at law,' yet she is specifically named in this statute as a beneficiary in such action for the recovery for 'pecuniary injuries,' resulting from the death of the husband, and the term 'heir at law' is used in the broader sense of one receiving a distributive part of the estate and a beneficiary of the action created by these acts. * * *

"In default of a personal representative an action brought under Lord Campbell's act must make the widow (if there be one) and the heirs at law parties thereto."

It follows from these decisions as an indispensable prerequisite to the maintenance of a suit under the statute *supra,* that the widow and heirs of the person killed by the wrongful act of another shall all be made parties.

It appears as an undisputed fact in this record that Mattie Thompson was the widow of Tom Thompson, and that he had other children who were his heirs at law, and none of these were made parties. As the making of the widow and other heirs parties was a condition precedent to the maintenance of the suit by the appellant as next friend for Gladys Thompson, the court did not err in dismissing her complaint, although it gave the wrong reason therefor. While the plea of *res adjudicata* was not technically sustained because the rights of Gladys Thompson had never been adjudicated in any former suit, nevertheless the judgment of the court dismissing her complaint was correct for the reason we have stated. This court can not reverse a judgment that is right upon the undisputed facts presented in the record, although the trial court may have based its ruling upon an erroneous reason and a misconception of the law.

The judgment of the court dismissing appellant's complaint and thereby abating the present suit is correct and it is affirmed.

Hart, J., and Kirby, J., dissent.