The ESTATE of Daisy BYRD *v.* Lohnes Tommy TINER

CA 02-439                                    101 S.W.3d 887

Court of Appeals of Arkansas
Division II
Opinion delivered April 9, 2003

*David A. Hodges*, for appellant.

*Tiner & Spruell*, by: *Raymond L. Spruell, Jr.*, for appellee.

S AM BIRD, Judge. The Estate of Daisy Byrd appeals the dismissal of its wrongful-death claim against Tommy Tiner. Appellant raises two points of appeal: (1) that Tiner waived his defense that the suit was not brought in the name of the real-party-in-interest, and (2) that the trial court erred in prohibiting the Estate from amending its complaint by substituting the name of the personal representative in the place of the Estate of Daisy

Byrd. We find the second point dispositive and hold that the trial court did not err in prohibiting the amendment of the complaint. We affirm the dismissal of the case.

Daisy Byrd died after she was in an automobile accident on January 5, 1998. Her will was admitted to probate on March 20, 1998, and Nina Coffee was appointed as personal representative of her estate. On June 2, 1998, a wrongful-death action was filed in the name of "Estate of Daisy Byrd, Deceased," against Tommy Tiner, alleging that Byrd's death resulted from her car being struck when Tiner's negligence caused his car to cross the center line. The complaint contained no language to indicate that it was being brought by or in the name of the personal representative of Byrd's estate; it bore only the signature of counsel on behalf of "Estate of Daisy Byrd, Deceased, Plaintiff." On June 17, 1998, Tiner filed his answer, asserting among other things the defense that the plaintiff had failed to state facts upon which relief could be granted and had failed to join necessary parties in the action. On September 12, 2000, an order was entered setting the case for jury trial on February 12, 2001.

On February 9, 2001, Tiner filed a motion to dismiss, alleging that the Estate of Daisy Byrd was not the proper party to bring the wrongful-death action under Ark. Code Ann. § 16-62-102 (Supp. 2001); that the purported plaintiff was neither a personal representative nor an heir-at-law, and was a nonentity; and that suit by a new or substituted party was barred by limitations. At a hearing on the motion to dismiss, Tiner argued that the Estate was not the proper party to bring the wrongful-death suit and that substitution of parties was barred by limitations that had run on January 4, 2001. Arguing that Tiner had waived these contentions in his answer to the suit and that his motion to dismiss was not timely filed because he had been on notice of the trial since September 12, 2000, the Estate moved to amend, substitute, or add the name Nina Coffee, Executrix of the Estate. The court orally granted Tiner's motion to dismiss, agreeing that the suit was barred by limitations because the personal representative had not filed suit within the three-year period for filing wrongful-death actions. The Estate then filed both a motion to amend its complaint and a motion for reconsideration. The trial court denied these motions and entered an order of dismissal.

A wrongful-death action must be brought by and in the name of the personal representative of the deceased person; if

there is no personal representative, the action shall be brought by the heirs at law of the deceased person. Ark. Code Ann. § 16-62-102(b) (Supp. 2001). Every action authorized by the statute must be commenced within three years after the death of the person alleged to have been wrongfully killed. Ark. Code Ann. § 16-62-102(c) (Supp. 2001). Because the wrongful-death action is a creation of statute, it exists only in the manner and form prescribed by the statute; it is in derogation of the common law and must be strictly construed, and nothing may be taken as intended that is not clearly expressed. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002).

The Estate argues that the amended complaint should have been allowed under Ark. R. Civ. P. 15 and 17. Rule 15(a), with the exception of certain defenses, allows a party to amend its pleadings unless, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment. Under Rule 15(c), amendment of a pleading in certain instances relates back to the date of the original pleading. Rule 17 prohibits dismissal of an action on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. These rules, however, are not applicable in the case we now decide.

■ ■ Where an action is brought in the name of a nonexistent plaintiff, any amendment of the complaint by substituting the proper party to the action as plaintiff institutes a new action as regards the statute of limitations. *Ark-Homa Foods v. Claude C. Ward, Jr.* 251 Ark. 473 S.W.2d 910 (1971); *see Davenport v Lee*, 348 Ark. 148, 72 S.W.3d, 85 (2002). Before Rule 15 can apply, there must be valid pleadings to amend. Rule 17(a) requires all actions to be prosecuted in the name of the real party in interest, and further provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed to correct the defect by joinder or substitution of the real party in interest. However, Rule 17 is simply not implicated in the case at bar. Although the heirs at law of the estate of Daisy Byrd could have been the real parties in interest in a wrongful death action against Tommy Tiner, Ark. Code Ann. § 16-62-102 mandates that wrongful-death actions be brought by and in the name of the appointed personal representative of the decedent's

estate. *See St. Paul Ins. Co. v. Circuit Court of Craighead County*, *supra*. Only if there is no personal representative of the estate, shall the wrongful death action be brought by the decedent's heirs at law. In the case at bar it is undisputed that Nina Coffee had been appointed as personal representative of the estate of Daisy Byrd at the time this wrongful death action was commenced. Therefore, under Ark. Code Ann. § 16-62-102, a wrongful-death action arising out of the death of Daisy Byrd was required to have been brought by and in the name of Nina Coffee as personal representative of the estate of Daisy Byrd.

■ ■ Unquestionably, the "Estate of Daisy Byrd, Deceased" was not the personal representative of Daisy Byrd's estate and was not authorized to pursue the wrongful-death action. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). In February 2001, when the Estate moved to amend its complaint by substituting or adding the name of Nina Coffee, personal representative, as plaintiff, there was no complaint to amend because the original complaint was a nullity. *See McKibben v. Mullis*, 79 Ark. App. 382, 90 S.W.2d 442 (2002). Furthermore, had the amendment been allowed, it would have constituted the commencement of a new action for which the period of limitations had expired. For these reasons, we hold that the Estate was statutorily barred from bringing this wrongful-death suit and that the trial court did not err in denying the motion to amend the complaint by naming the personal representative of the Estate as plaintiff.

■ ■ We need not reach the Estate's point of appeal that Tiner waived his real-party-in-interest defense. As already discussed, Rule 17 has no application in this case. The right to recover under the wrongful-death statute is dependent upon the complaining party's bringing itself within the terms of the statute. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, *supra*. Even if we were to reach that point, we would be compelled to affirm it because appellant obtained no express ruling by the trial court as to its waiver argument. A moving party bears the burden of obtaining a ruling on any objection, and in the absence of such a ruling the issue is not preserved for appellate review. *White v. Davis*, 352 Ark. 183, 99 S.W.3d 409.

Affirmed.

ROBBINS and GRIFFEN, JJ. agree.