James ANDREWS and Melissa Andrews  *v.*  AIR EVAC EMS, INC.,
Bo Lin, M.D., Northwest Medical Center, QHG of Springdale, Inc.

CA 03-1044                                    170 S.W.3d 303

Court of Appeals of Arkansas
Division IV
Opinion delivered May 5, 2004

*Richardson, Stoops, Richardson & Ward*, by: *Richard D. Marks*, for appellants.

*Cox Law Firm*, by: *Walter B. Cox* and *James R. Estes*, for appellee Air Evac Ems, Inc.

*Bassett Law Firm*, by: *Walker Dale Garrett* and *Shanon L. Fant*, for appelleees Bo Lin and QHG of Springdale, Inc.

LARRY D. VAUGHT, Judge. This is an appeal from a trial court's order dismissing appellants' wrongful-death complaint based on medical negligence because all of the heirs at law had not been named and the two-year statute of limitations had run. On appeal, appellants contend that the trial court erred in granting appellees' motion to dismiss and in prohibiting the appellants from amending their complaint to add a party plaintiff. Finding no error, we affirm.

Appellants, James and Melissa Andrews, are the natural parents of Tyler Garrett Andrews ("deceased"), who was born on December 18, 1999, and died on December 23, 1999. Appellants filed a wrongful-death action against appellees on August 3, 2000, alleging that their negligence led to the death of their newborn child. Specifically, they alleged that appellees, including Dr. Bo Lin, M.D., allowed the deceased's incubator to run out of oxygen while he was being transported to a hospital by an Air Evac helicopter, which resulted in brain damage and ultimately led to his death. At the time of death, the deceased had a minor half-brother (Jeffrey Andrews) who was not named as a plaintiff in the complaint.

On July 10, 2002, appellants filed a motion to add a necessary party in order to include the minor half-brother[1] as a party plaintiff. Appellees filed a joint motion to dismiss in response, alleging that Arkansas law requires that a wrongful-death action be brought in the names of all the heirs at law in the absence of a personal representative. They argued that because the half-brother was not named as a plaintiff, appellants lacked standing to bring the complaint. Based on this, appellees contended that the original

---

[1] We express no opinion on the issue of whether Jeffrey Andrews's status as a half-brother of the deceased is of any significance under Ark. Code Ann. § 16-62-102(b). The issue was not raised either before the trial court or on appeal.

complaint was a nullity and void *ab initio*, and that the trial court lacked jurisdiction. Appellees pled further that the statute of limitations had expired and thus the complaint should be dismissed with prejudice.

A hearing was held on April 24, 2003. At the conclusion of the hearing, the trial court dismissed appellants' complaint with prejudice, holding that the original complaint was a nullity and void *ab initio*. In addition, the trial court held that the statute of limitations had run on all claims. An order reflecting the trial court's decision was filed May 20, 2002, and a timely notice of appeal was filed June 19, 2002.

Appellants first contend that the trial court erred in granting appellees' joint motion to dismiss and in prohibiting appellants from amending their complaint to add a party plaintiff. In Arkansas, a wrongful-death action must be brought by and in the name of the personal representative of the deceased person. Ark. Code Ann. § 16-62-102(b) (Supp. 2003). If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person. *Id*. The supreme court has construed the term "heirs at law" as used in this section to mean all of the beneficiaries of the wrongful-death suit. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). A wrongful-death action is a creation of statute and exists only in the manner and form prescribed by the statute; thus, the wrongful-death statute must be strictly construed and nothing may be taken as intended that is not clearly expressed. *Ramirez v. White County*, 343 Ark. 372, 38 S.W.3d 298 (2001). In applying all of the standard rules of statutory construction, the supreme court held that the language of Ark. Code Ann. § 16-62-102(b) was clear and unambiguous. *Id*. If there is no personal representative of the deceased person, then a wrongful-death action must be brought by all of the heirs at law. *Id*. Because the wrongful-death action is a creation of statute and only exists in the manner and form prescribed by statute, an action brought by less than all of the heirs of the deceased is a nullity. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *see also Sanderson v. McCollum*, 82 Ark. App. 111, 112 S.W.3d 363 (2003); and *McKibben v. Mullis*, 79 Ark. App. 382, 90 S.W.3d 442 (2002).

Appellants argue that while *Ramirez, supra*, indicates that all heirs must be joined as party plaintiffs, the failure to do so should not render the complaint a nullity. Appellants suggest that

*St. Paul, supra,* is inapplicable to this case because it involved a survival action, which could only be brought by an executor or administrator and not the heirs at law. We disagree, as the same reasoning has been applied in wrongful-death actions as well. *See, e.g., Sanderson v. McCollum, supra; see also Estate of Daisy Byrd v. Tiner,* 81 Ark. App. 366, 101 S.W.3d 887 (2003); *McKibben v. Mullis, supra.* This court in *Sanderson* affirmed the trial court's dismissal of appellants' wrongful-death complaint, holding that the pro se complaint brought by the decedent's wife in her individual capacity was a nullity because it was not brought in the names of all the heirs. In addition, we stated that the amended complaint brought by the wife on behalf of herself and the heirs and estate was also a nullity because she had not been appointed as the personal representative and could not bring the suit in the representative capacity. Here, because the decedent's half-brother was not named as a plaintiff, it was not brought by all the heirs at law, and therefore was a nullity.

■ Appellants also contend that based on Rules 15 and 17 of the Arkansas Rules of Civil Procedure, they should have been allowed, as a matter of law, to add the minor half-brother as a plaintiff. This argument too has been addressed previously. In *Davenport v. Lee, supra,* it was held that if the original complaint is a nullity, Rules 15 and 17 cannot apply because the original complaint never existed, and thus, there was nothing to relate back. *See Davenport, supra; Estate of Daisy Byrd v. Tiner, supra.*

Finally, appellants argue that the trial court erred in finding that the statute of limitations had run as to the half-brother's claim. They state that according to Ark. Code Ann. § 16-114-203(c)(1) (Supp. 2003), the minor half-brother shall have until his eleventh birthday to commence an action on behalf of his brother for wrongful death and that under Ark. Code Ann. § 16-56-116 (Supp. 2003), he should have until his twenty-first birthday to commence an action.

■ ■ Section 16-114-203 (Supp. 2003) provides the statute of limitations for a medical-malpractice claim. Subsection (c)(1) provides:

(c)(1) If an individual is nine (9) years of age or younger at the time of the act, omission, or failure complained of, the minor or person claiming on behalf of the minor shall have until the later of the

minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action.

Based on this language, it is clear that the tolling provision applies to a minor's injury, not to a beneficiary's derivative claim in a wrongful-death action based on medical negligence. Appellants cite no authority for their argument other than the statutes. Likewise, appellants' argument with respect to section 16-56-116(a) is also unavailing. This section provides:

(a) If any person entitled to bring any action under any law of this state is, at the time of the accrual of the cause of action, under twenty-one (21) years of age, or insane, that person may bring the action within three (3) years next after attaining full age, or within three (3) years next after the disability is removed.

Appellants also cite no case law suggesting that this statute should apply. In fact, based on the plain language of this statute, the minor half-brother is not a "person entitled to bring" a wrongful-death action because it cannot be brought by an individual heir alone. In *Ramirez, supra*, the supreme court held one heir at law would have no standing to bring a wrongful-death action where several heirs existed, and thus there would be no jurisdiction.

Affirmed.

HART, J., agrees.

BAKER, J., concurs.