Jeffrey Dean BREWER, Justin Ray Kelley, James Dwight Kelley,
Daniel Joseph Brewer, Kaleigh Madison Brewer, Tommy Wayne
Harberson, Treva J. Harberson, Becky Cecil, Karen Dugan *v.*
Marvin L. POOLE, M.D., Earnest E. Serrano, M.D., Joseph P.
McCarty, M.D., Holt Krock Clinic, Sparks Regional
Medical Center, John Does 1-5

04-671 207 S.W.3d 458

Supreme Court of Arkansas
Opinion delivered April 21, 2005

*John M. Burnett*; and *Eubanks, Baker & Schulze*, by: *J.G. "Jerry" Schulze*, for appellants.

*Cox Law Firm*, by: *Walter B. Cox* and *James R. Estes*, for appellee Dr. Joseph McCarty.

*Ledbetter, Cogbill, Arnold & Harrison, L.L.P.;* by: *Charles R. Ledbetter,* for appellee Dr. Marvin L. Poole.

JIM HANNAH, Chief Justice. Appellants Jeffrey Dean Brewer, Justin Ryan Kelley, James Dwight Kelley, Daniel Joseph Brewer, Kaleigh Madison Brewer, Tommy Wayne Harberson, Treva J. Harberson, Becky Cecil, and Karen Dugan appeal from an order that dismissed their claims for the wrongful death of the deceased, Diann Brewer, against appellees Marvin Poole, M.D., and Joseph P. McCarty, M.D.[1] On appeal, the appellants argue that the circuit court erred in finding that where no personal representative has been appointed, a wrongful-death suit must be filed with all the statutory beneficiaries joined as parties to the suit. They further argue that the circuit court deprived them of a substantial property right by retroactively applying this court's holding in *Ramirez v. White County Circuit Court,* 343 Ark. 372, 38 S.W.3d 298 (2001), to a cause of action that arose in 1997. Additionally, the appellants contend that the circuit court erred in refusing to allow their third-amended complaint to relate back to the date of the filing of the original complaint. Finally, the appellants argue that the rule requiring all heirs to file suit is not based on sound policy, and they urge this court to reconsider the *Ramirez* decision.

The court of appeals certified this case to this court. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (4), and (5). We find no error and, accordingly, we affirm.

### Facts

Diann Brewer died on January 7, 1996, survived by her husband, three sons, a daughter, her parents, and two sisters. No estate was opened and no personal representative was named. In December 1997, Ms. Brewer's husband, children, and parents filed suit against the appellees, alleging wrongful-death due to medical malpractice. Ms. Brewer's two sisters, Becky Cecil and Karen Dugan, were not named as plaintiffs to the suit.

---

[1] An earlier appeal to the court of appeals was dismissed because the court determined that the order appealed from did not dispose of the claims against all of the defendants. *See Brewer v. Poole,* 2003 WL 22962451 (Ark. App. Dec. 10, 2003). The appellants then sought a voluntary non-suit with respect to all of the defendants except Poole and McCarty, the appellees herein.

On February 15, 2002, defense counsel sent a Request for Admission of Fact to the plaintiff's attorney, asking for the plaintiffs to admit that the decedent was survived and remained survived by two sisters. The plaintiffs did not respond to the request. However, on March 25, 2002, the plaintiffs filed a third-amended complaint,[2] adding Ms. Cecil and Ms. Dugan as plaintiffs.

On March 27, 2002, separate defendants Dr. Poole and Dr. McCarty filed a joint motion to dismiss the plaintiff's complaint, contending that neither of the decedent's surviving sisters were parties to the original and amended complaints filed prior to March 25, 2002; that Arkansas Code Annotated 16-62-102(b) requires a wrongful-death action to be brought by all of the heirs at law of the deceased person; and that by the time the third-amended complaint was filed naming the two sisters, the statute of limitations barred any action by the plaintiffs. The circuit court granted the motion to dismiss, and this appeal followed.

### Standard of Review

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Preston v. University of Arkansas for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *See id.* Further, if there is any reasonable doubt as to the application of the statute of limitations, this court will resolve the question in favor of the complaint standing and against the challenge. *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 66 S.W.3d 613 (2002).

### Wrongful Death Act

Section 16-62-102 provides in part:

(a)(1) Whenever the death of a person or a viable fetus shall be caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not

---

[2] According to the appellees, a second-amended complaint was never served on them.

ensued, then and in every such case, the person or company or corporation that would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person or the viable fetus injured, and although the death may have been caused under such circumstances as amount in law to a felony.

(2) The cause of action created in this subsection shall survive the death of a person wrongfully causing the death of another and may be brought, maintained, or revived against the personal representatives of the person wrongfully causing the death of another.

(3) . . .

(b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the *heirs at law* of the deceased person.

(c)(1) Every action authorized by this section shall be commenced within three (3) years after the death of the person alleged to have been wrongfully killed.

(2) If a nonsuit is suffered, the action shall be brought within one (1) year from the date of the nonsuit without regard to the date of the death of the person alleged to have been wrongfully killed.

(d) The *beneficiaries* of the action created in this section are:

(1) The surviving spouse, children, father, mother, brothers, and *sisters* of the deceased person;

(2) Persons, regardless of age, standing in loco parentis to the deceased person; and

(3) Persons, regardless of age, to whom the deceased stood in loco parentis at any time during the life of the deceased.

(e) . . .

Ark. Code Ann. § 16-62-102 (emphasis added).

The appellants first argue that the circuit court erroneously determined that in wrongful-death actions, where there is no personal representative, plaintiffs must join all statutory beneficia-

ries. The appellants contend that, pursuant to the plain language of the statute, plaintiffs are required only to join all *heirs at law* and, when Ms. Brewer died leaving descendants, her sisters were not her heirs at law. Further, the appellants contend:

> The Act clearly defines two different categories of survivors involved in a wrongful death action, "heirs at law" Ark. Code Ann. § 16-62-102(b) and "beneficiaries." Ark. Code Ann. § 16-62-102(d). They are not the same. Heirs are the persons who inherit under the table of descent, Ark. Code Ann. § 28-9-203(b). *See also Black's Law Dictionary*, 727 (s.v. *heir*). Under the table of descent, "the children of the intestate and the descendants of each child of the intestate who may have predeceased the intestate" are heirs. Ark. Code Ann. § 28-9-214(1). Only "if the intestate is survived by no descendant or parent" can a sibling be an heir. Ark. Code Ann. § 28-9-214(5). In creative writing it may be advisable to avoid repetition by using different words to mean the same thing. In statutory drafting, however, the use of different words to describe the identical concept would lead to confusion and uncertainty. When Diann Brewer died leaving descendants, her sisters were not heirs at law.

\* \* \*

█ On the other hand, the appellees contend that the court has construed the term "heirs at law" as used in § 16-62-102(b) to mean all of the beneficiaries of the wrongful-death suit as set out in § 16-62-102(d). The appellees' contention is well taken. In *Davenport v. Lee*, 348 Ark. 148, 159-60, 72 S.W.3d 85, 91 (2002), this court stated:

> Pursuant to Ark. Code Ann. § 16-62-102(b) (1987), every wrongful-death action must be brought by and in the name of the personal representative. *See also Brewer*, 301 Ark. 358, 784 S.W.2d 156. The wrongful death code does not create an individual right in any beneficiary to bring suit. *Id.* (citing *Cude v. Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985)). Moreover, where no personal representative has been appointed, a wrongful-death suit must be filed with all of the statutory beneficiaries joined as parties to the suit. *Ramirez v. White Cty. Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001); *Thompson v. Southern Lbr. Co.*, 113 Ark. 380, 168 S.W. 1068 (1914). This rule dates back to this court's decision in *McBride v. Berman*, 79 Ark. 62, 94 S.W. 913 (1906).

*Davenport, supra; see also Andrews v. Air Evac EMS, Inc.*, 86 Ark. App. 161, 170 S.W.3d 303 (2004).

The appellants contend that a careful reading of *Ramirez* and *Davenport* shows that this court has not used the terms "heirs at law" and "beneficiaries" interchangeably. In support of this proposition, the appellants cite to *Ramirez* where we stated: "Iris Harvey had three heirs at law, her husband David, Randy Harvey, a son now thirty-six years of age, and Cynthia Casey, a daughter now forty-three years of age. Under Ark. Code Ann. § 16-62-102(d), all three individuals were beneficiaries under the wrongful death statute." *Ramirez*, 343 Ark. at 378, 38 S.W.3d at 301-02. The appellants assert that this statement in *Ramirez* does not mean that all heirs at law are always wrongful-death beneficiaries, or vice versa; rather, it just means that in the *Ramirez* case, as in many cases, the heirs at law will also be wrongful-death beneficiaries.

The appellants further assert that *Davenport* is not instructive on the issue of whether "beneficiaries" means "heirs at law" under the wrongful-death statute because once an administrator is appointed, as was the case in *Davenport*, the administrator is the only person empowered to file a wrongful-death action, and it is not necessary to consider whether the co-administrators were heirs of the decedent.

 We are not unmindful of case law stating that where the legislature has used a phrase of well-known legal significance, it is presumed to have used the language in that sense. *See Werbe v. Holt*, 217 Ark. 198, 229 S.W.2d 225 (1950). However, as Justice George Rose Smith pointed out in his dissenting opinion in *Peugh v. Oliger*, 233 Ark. 281, 345 S.W.2d 610 (1961), the wrongful-death statute must be read in light of its statutory background. In *Peugh*, Justice Smith construed Acts 1957, No. 255 and determined that Section 2, which is a prior version of § 16-62-102(b), provides that the action shall be brought in the name of the personal representative, or if there be none then by the heirs at law. *Id.* at 295, 345 S.W.2d at 619 (Smith, J., dissenting). Further, the dissent stated that Section 3, which is a prior version of § 16-62-102(d), *places a limitation upon the heirs at law who may recover, for the beneficiaries of the act are confined by this section to the surviving spouse, children, father and mother, brothers and sisters, and persons standing in loco parentis. Id.* (Emphasis added.) Because subsection (d) has been construed as a limitation upon subsection (b), we do not agree with the appellants' assertion that the wrongful-death statute clearly defines two

different categories of survivors: "heirs at laws" and "beneficiaries." The *Peugh* case was overruled by *Fountain v. Chicago R.I. & P. Railway*, 243 Ark. 947, 422 S.W.2d 878 (1968). In *Fountain, supra*, this court stated that it agreed with Justice Smith's dissenting opinion and explicitly adopted the dissenting opinion as the correct interpretation of the law.

■ Who, then, are the heirs at law for the purposes of the wrongful-death statute? When faced with this question in *St. Louis I.M. & S. Railway Co. v. Corman*, 92 Ark. 102, 122 S.W. 116 (1909), this court looked to the wrongful-death statute and determined that by the plain language of the statute, the widow and the child were the heirs at law because they were the only parties entitled to recover under the statute. As such, we found that the widow and the child were the only necessary parties to the action. *See id.* at 107, 122 S.W. at 118; *see also McBride*, 79 Ark. at 65, 94 S.W.3d at 913 ("While the wife is not technically an 'heir at law,' . . . she is specifically named in this statute as a beneficiary in [a wrongful-death action].")

■ It is well settled that the wrongful-death statute "intend[s] one action to be brought for the death sued on." *McBride*, 79 Ark. at 65, 94 S.W. at 913. "[W]hen the action is brought by the heirs there must be but a single action, and all the heirs must be made parties to it, so that the entire controversy may be determined and the entire amount recovered and distributed in the single action given by the statute." *St. Louis, I.M. & S. Ry. Co. v. Needham*, 52 F. 371, 375 (8th Cir. 1892) (construing Arkansas's wrongful-death statute). With the legislative intent of the statute in mind, as well as our prior case law concerning the necessity of joining those parties entitled to recover, we believe that for the purposes of the wrongful-death statute, the term "heirs at law" as used in § 16-62-102(b) means "beneficiaries" as used in § 16-62-102(d). Therefore, where there is no personal representative to bring a wrongful-death action, all statutory beneficiaries must be joined as plaintiffs to the action.

■ Here, Ms. Cecil and Ms. Dugan, as sisters of Ms. Brewer, are specifically named in the statute as beneficiaries who may recover for the wrongful-death of Ms. Brewer. As such, Ms. Cecil and Ms. Dugan were necessary parties to the action.

## Reliance on Prior Case Law

The appellants argue that the plain language of Ark. Code Ann. § 16-62-102(b) did not put them on notice in 1997 that they had to include *all* heirs at law as parties to a wrongful-death suit. The appellants state that prior to 1997, when the original complaint in this case was filed, this court had interpreted the provision on this point only once in *Murrell v. Springdale Memorial Hospital*, 330 Ark. 121, 952 S.W.2d 153 (1997). In that case, we stated:

> Melvin Dale Murrell's initial complaint, filed prior to the opening of Bonnie Marie Murrell's estate, was appropriately brought according to § 16-62-102(b), and it was within the applicable two-year statute of limitations.

*Murrell*, 330 Ark. at 124, 952 S.W.2d at 155.

The appellants state that since Mr. Murrell was not the only surviving heir at the time he filed the complaint, and this court characterized his complaint as "appropriately brought," it was reasonable for the heirs of Ms. Brewer to believe that it was appropriate for just one of the heirs to file a wrongful-death suit. We disagree. In *Ramirez, supra*, we explained that this statement in *Murrell* was merely *dicta* and was not the holding of the case. *See also Davenport, supra*.

Further, the appellants are mistaken in their assertion that prior to the *Murrell* case, this court had not addressed the issue of whether all parties mentioned in the statute must be joined as parties in the suit. In *McBride, supra*, we held that in a suit for wrongful-death, all heirs at law must be joined as necessary parties. In that case, J.W. McBride died, leaving a widow and no children. He was also survived by a sister and two brothers. The widow did not join the siblings as necessary parties, arguing that they had no cause of action because it was undisputed that the decedent did not contribute to the support of his siblings. The widow maintained that she was the real, and only, party in interest. We disagreed, stating:

> The vice in the latter argument is that it allows the maintenance of the suit on testimony which may be contradicted or rebutted by the next of kin, and yet they are not given the opportunity to do so by being made parties, nor their interests protested [sic] by an administrator. . . .

> Manifestly, these statutes did not intend this splitting of the cause of action and contemplate this multiplicity of actions for one act of negligence resulting in death. The statute (sections [6289], 6290, Kirby's Dig., commonly called Lord Campbell's Acts) intend one action to be brought for the death sued on.

*McBride,* 79 Ark. at 64, 94 S.W. at 913. *See also Needham,* 52 F. 371 (8th Cir. 1892) (holding that under Arkansas's wrongful-death statute, all persons having an interest in the subject of the action or the relief demanded must be joined); *Thompson v. Southern Lumber Co.,* 113 Ark. 380, 384, 168 S.W. 1068, 1070 (1914) ("[A]s an indispensable prerequisite to the maintenance of a suit under the statute *supra,* that the widow and the heirs of the person killed by the wrongful act of another shall all be made parties.").

Still, the appellants argue that the circuit court deprived them of a substantial property right by retroactively applying this court's holding in *Ramirez,* which was decided in 2001, to a cause of action that arose in 1997. We disagree. The circuit court's application of *Ramirez* did not deprive the appellants of any property right because *Ramirez* did not modify the statutory requirements for bringing a wrongful-death lawsuit. *See, e.g., Thompson, supra; McBride, supra.*

### Relation Back

In Arkansas, a medical-malpractice action must be brought within two years of "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203 (Supp. 2001). The medical malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See Pastchol v. St. Paul Fire & Marine Ins. Co.,* 326 Ark. 140, 929 S.W.2d 713 (1996). Ms. Brewer died on January 7, 1996. The original complaint, which did not include the sisters as parties, was filed in December 1997. The third-amended complaint, which added the sisters as parties, was filed on March 25, 2002, outside of the two-year limitations period. The appellees contend that since Ms. Cecil and Ms. Dugan were not joined as parties to the action in the original complaint, the action was not properly commenced according to Ark. Code Ann. § 16-62-102(b). Accordingly, the appellees contend, the plaintiffs who brought the original complaint lacked standing to pursue this wrongful-death suit, the

original complaint was a nullity and void *ab initio*, and the circuit court lacked jurisdiction to hear and determine the subject matter in controversy. The appellants argue that pursuant to Rules 15 and 17 of the Arkansas Rules of Civil Procedure, the third-amended complaint should relate back to the filing of the original complaint.

The court of appeals addressed a similar issue recently in *Andrews v. Air Evac EMS, supra*. In *Andrews*, the parents of the decedent filed a wrongful-death claim against the appellees on August 3, 2000, alleging that their negligence led to the death of the appellants' newborn child. After the statute of limitations for the wrongful-death claim had expired, the parents filed a motion to add a necessary party in order to include the minor half-brother as a party plaintiff. The appellees filed a motion to dismiss, alleging that Arkansas law requires that a wrongful-death action be brought in the names of all the heirs at law in the absence of a personal representative. The appellees argued that because the half-brother was not named as a plaintiff in the original complaint, the appellants lacked standing to bring the complaint. Based on this, the appellees contended that the original complaint was a nullity and void *ab initio*, and that the circuit court lacked jurisdiction to hear the complaint.

The appellants contended that while *Ramirez* indicates that all heirs must be joined as party plaintiffs, the failure to do so should not render the complaint a nullity. The court of appeals disagreed, holding that because the decedent's half-brother was not named as a plaintiff, the complaint was not brought by all the heirs at law, and therefore was a nullity. *Andrews, supra*. The court of appeals further rejected the appellants' claim that pursuant to Rules 15 and 17 of the Arkansas Rules of Civil Procedure, they should have been allowed, as a matter of law, to add the minor half-brother as a plaintiff. The court of appeals opined:

> This argument too has been addressed previously. In *Davenport v. Lee, supra*, it was held that if the original complaint is a nullity, Rules 15 and 17 cannot apply because the original complaint never existed, and thus, there was nothing to relate back. *See Davenport, supra; Estate of Daisy Byrd v. Tiner, supra*.

*Andrews, supra*.

We agree. In the instant case, Section 16-62-102(b) requires that every cause of action for wrongful death shall be brought by and in the name of the personal representative, or, if

there is no personal representative, then the action shall be brought by the heirs at law of the deceased person. The original complaint in this case failed to include all the heirs at law as parties to the suit. Therefore, the original complaint was a nullity. Where the original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed; thus, there is no pleading to amend and nothing to relate back. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Davenport, supra.*

 We are also not persuaded by the appellants' argument that they should be allowed to amend a pleading because they made an "honest mistake." In support of this argument, the appellants cite to the concurring opinion in *St. Paul Mercury, supra.* We rejected a similar argument in *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004). In *Rhuland*, we held that the daughter lacked standing to bring a wrongful-death action as an heir, and that the amended complaint that added her as a party in her capacity as an administratrix did not relate back to the original action. Further, we stated:

> We are also unpersuaded by Rhuland's attempt to rely on a concurring opinion in *St. Paul*, 348 Ark. 197, 73 S.W.3d 584, which discussed the interplay of Rules 15 and 17, and their applicability to an amendment of plaintiffs. At the crux of that concurrence was the conclusion that Rules 15 and 17 were inapplicable because there had been no "understandable mistake." *Id.* at 212, 73 S.W.3d at 593. Likewise, no such understandable mistake occurred in this case. Section 16-62-102 specifically details who may maintain a cause of action for wrongful death.

*Rhuland*, 356 Ark. at 392, 155 S.W.3d at 9. Here, too, no understandable mistake occurred in this case; therefore, Rules 15 and 17 are inapplicable.

### Public Policy

Finally, the appellants argue that the *"Ramirez* Rule" requiring all heirs at law to file suit is not based on sound policy and should be reconsidered. The appellants state that despite our case law holding that wrongful-death statutes are remedial in nature and should, therefore, be interpreted liberally to accomplish the purposes of compensating injured persons and deterring harmful conduct, see *Aka v. Jefferson Hosp. Ass'n*, 344 Ark. 627, 42 S.W.3d

508 (2001), in *Ramirez, supra,* this court judicially inserted new words into the wrongful-death statute without identifying any legitimate policy as the basis for imposing this requirement on those heirs who desire to bring a wrongful-death lawsuit.

As an initial matter, as previously stated, no new rule was announced in *Ramirez. See McBride, supra; Thompson, supra; see also Needham, supra.* We have also explained the policy behind requiring all heirs at law to join the suit. *See McBride,* 79 Ark. at 64-65, 94 S.W. at 913.

On a final note, we point out that both the cause of action for wrongful death and the requirements for filing the action were created by the General Assembly. The appellants argue that the statutory requirements of § 16-62-102 make bad public policy; however, it is not this court's job to determine public policy. Rather, the General Assembly establishes public policy. *See, e.g., Davis v. Ross Prod. Co.,* 322 Ark. 532, 910 S.W.2d 209 (1995). It is clear from a reading of the wrongful-death statute that the General Assembly has established that it is the policy of this state to require all heirs at law to join in a wrongful-death action. Finally, the General Assembly is presumed to be familiar with this court's interpretations of statutes, and if it disagrees, it can amend the statutes. *See Lawhon Farm Servs. v. Brown,* 335 Ark. 272, 984 S.W.2d 1 (1998). Without such amendments, however, our interpretations of the statutes remain the law. *Id.* Although aware of our interpretation of the Wrongful Death Act in *Ramirez,* where we reiterated the rule that in a wrongful-death action, where there is no personal representative, the action must be brought by all the heirs at law, in subsequent amendments to the Wrongful Death Act, the General Assembly made no changes that would alter our holding in *Ramirez.* Accordingly, we decline appellants' request that we modify our holding in *Ramirez.*

Affirmed.

IMBER, J., concurring.

A NNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority's result in this case, but I write to reassert my concerns with the majority's treatment of Rules 15(c) and 17(a) of the Arkansas Rules of Civil Procedure. As I stated in *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002), the interaction between Rule 15(c), which allows an amended pleading to relate back "if the claim or defense asserted in

the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," and Rule 17(a), which states that the substitution of a real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest," allows an amended complaint that substitutes new plaintiffs to relate back to the date of the original complaint when there has been an understandable mistake. Ark. R. Civ. P. 15(c), 17(a) (2004). Instead, the majority's reasoning in this case, that the original complaint filed by less than all the statutory beneficiaries is a nullity and thus the amended complaint cannot "relate back" to the date of filing of the original complaint, effectively eviscerates the applicability of Rule 15(c) in *any* case arising out of a statutory claim.[1] In my view, a better analysis is that the plaintiffs could not amend to add new plaintiffs because, in this case, where we have consistently interpreted the statute to require the joinder of all the statutory beneficiaries, the failure to include the sisters was not an understandable mistake.

---

[1] The majority's application is a broader application of the nullity concept than what was at issue in *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), where this court held that a wrongful-death claim filed *pro se* constituted the unauthorized practice of law, and thus the complaint was a nullity. While I agree with the limited *Davenport* application, I cannot agree that *any* case where a statutory claim is filed by an inappropriate party constitutes a nullity, regardless of whether the complaint involves the unauthorized practice of law.