Dorothy Jean RICE, Winston Lee Rice, Jr., Gay Roberts, Diane
Anderson for Themselves and as Next Kin to Winston Lee Rice, Sr.,
Deceased *v.* Paul TANNER, Cross Ridge Community Hospital,
J. Trent Beaton, Vernon I. Smith, Angela McGee, Jennifer Eason,
Sudesh Banaji, Baptist Memorial Hospital, Forrest City

05-74                                                210 S.W.3d 860

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*Duncan E. Ragsdale* and *Gerald A. Coleman*, for appellants.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Paul McNeill*,
for appellee J. Trent Beaton.

*Mitchell, Blackstock, Barnes, Wagoner & Ivers*, by: *Michael W.
Mitchell* for appellee Sudesh Banaji, M.D.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Mariam T. Hopkins* and *Brett D. Watson*, for appellee Estate of Vernon I. Smith.

*Butler, Hicky, Long & Harris*, by: *Phil Hicky* and *Andrea W. Brock*, for appellees Baptist Memorial Hospital, Forrest City, Angela McGee, and Terrilyn Eason.

R OBERT L. BROWN, Justice.   The appellants in this case are Dorothy Jean Rice, Winston Lee Rice, Jr., Gay Roberts, and Diane Anderson for themselves and as next of kin of Winston Lee Rice, Sr., who is deceased. They appeal the summary judgment of the circuit court which found that their complaint was a nullity due to the expiration of the statute of limitations. The court, accordingly, dismissed their action. Their primary point on appeal is that siblings of the decedent are not heirs at law for purposes of the Wrongful Death Statute. We affirm the circuit court's judgment.

As alleged in the complaint, the circumstances surrounding the death of Winston Lee Rice, Sr., are as follows. At about noon on June 29, 2000, Mr. Rice went to the Cross Ridge Community Hospital, complaining of hip and groin pain. At that hospital, he was seen by Dr. J. Trent Beaton, the emergency-room physician on duty, who discharged Mr. Rice and told him to go to Baptist Memorial Hospital in Forrest City for x-rays. Approximately one hour later, an ultrasound was performed on Mr. Rice at Baptist Memorial that was read by Dr. Vernon I. Smith, who contacted Dr. Sudesh Banaji, as well as another physician who was never a party to this case. Shortly thereafter, Mr. Rice was admitted to Baptist Memorial where Angela McGee and Jennifer Eason were his nurses.[1] Dr. Banaji telephoned the nurses and authorized medications for Mr. Rice that afternoon and early evening, but he did not go to the hospital to examine him. At approximately 8:19 p.m., Mr. Rice collapsed at the hospital. Cardiopulmonary resuscitation failed to revive him, and he was pronounced dead at 9:05 p.m.

On January 16, 2002, the appellants filed suit and asserted the wrongful death of Mr. Rice due to medical malpractice. They sought damages for the loss of consortium; the loss of the pecuniary

---

[1] In her original Answer, Terrilyn Eason admits that she is a nurse who provided care to Mr. Rice when he was a patient of Baptist Memorial but states that she knows no Jennifer Eason.

value of his life; his funeral, medical, and hospital bills; and other damages as may be proved at trial.

Discovery ensued in this matter. Dr. Beaton then moved for summary judgment and argued that in this "action for wrongful death from a medical injury," the statute of limitations had expired under Ark. Code Ann. § 16-114-203. In support of his motion, Dr. Beaton attached an affidavit from the St. Francis County Probate Clerk; a copy of Appellants' Answers to First Set of Interrogatories Propounded by Defendant, Sudesh Banaji, M.D.; and a copy of Appellants' Response to Request for Documents Propounded by Defendant, Sudesh Banaji, M.D. Within a few weeks, identical motions were filed by the remaining appellants in this case.

The motions with attachments established the following uncontested facts. Winston Lee Rice, Sr., the decedent, had three siblings: a sister, Jeannette Cook, and two brothers, J.C. Rice and W.D. Rice. None of the three siblings was joined as a plaintiff in the case prior to the expiration of the statute of limitations. Moreover, the proof attached to the motions showed that no probate estate was opened for the decedent in St. Francis County. The appellants filed affidavits from the three siblings to their responses to the summary-judgment motions. Those affidavits purported to waive the siblings' financial interest in the medical-malpractice action and were filed on July 14, 2004.

The summary-judgment motions were heard by the circuit court. On September 30, 2004, the judgment of the court was entered. In that judgment, the court found that this case is an action for wrongful death brought pursuant to Ark. Code Ann. § 16-62-102 (Supp. 1999), and an action for medical injury brought pursuant to Ark. Code Ann. §§ 16-114-201 through 209 (1987, Supp. 2003), under which the statute of limitations expired on June 29, 2002. Because no probate estate was opened for the decedent, the circuit court found that Arkansas law required that the case be brought in the names of those listed "statutory beneficiaries" of Winston Lee Rice, Sr. Since the complaint failed to include the decedent's three siblings as named plaintiffs, the court concluded that the complaint did not comply with Arkansas law and was, therefore, a nullity.

As a final matter, the circuit court rejected the appellants' argument that each of the decedent's siblings had waived his or her interest in the matter. First, the court found that the waivers were

untimely, and, secondly, the court found that statutory-beneficiary status under the Wrongful Death Statute was not waivable. Appellants also had argued that, at the time of the decedent's death, under Arkansas law, the definition of "heirs at law" included only beneficiaries for purposes of our statute of descent and distribution. *See* Ark. Code Ann. § 28-9-214 (Repl. 2004). The circuit court rejected this argument as well and concluded that in its judgment the "law defining the identity of statutory beneficiaries has not changed, and that should not have affected the plaintiffs in this case."

We turn then to the merits of this case and to the question of who are the decedent's heirs at law for purposes of the Wrongful Death Statute. We have previously set forth our standard of review for cases in which summary judgment has been granted:

> Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Jackson v. City of Blytheville Civ. Serv. Comm'n*, 345 Ark. 56, 43 S.W.3d 748 (2001). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999); *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998). Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998); *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997). After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable persons might reach different conclusions from those undisputed facts. *George, supra.*

*MedMarc Cas. Ins. Co. v. Forest Healthcare, Inc.*, 359 Ark. 495, 499, 199 S.W.3d 58, 61 (2004) (quoting *Allen v. Allison*, 356 Ark. 403, 412-13, 155 S.W.3d 682, 689 (2004)).

The pertinent provisions of the Wrongful Death Statute read as follows:

(a)(1) Whenever the death of a person shall be caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, then, and in every such case, the person who, or company, or corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death may have been caused under such circumstances as amount in law to a felony.

(2) The cause of action created in this subsection shall survive the death of the person wrongfully causing the death of another and may be brought, maintained, or revived against the personal representatives of the person wrongfully causing the death of another.

(b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

. . .

(d) The beneficiaries of the action created in this section are the surviving spouse, children, father and mother, brothers and sisters of the deceased person, persons standing in loco parentis to the deceased person, and persons to whom the deceased stood in loco parentis. . . .

Ark. Code Ann. § 16-62-102 (Supp. 1999).

We believe that the instant case is governed by our decision in *Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). In *Brewer*, the husband, three sons, a daughter, the parents, and two sisters of the decedent survived her death on January 7, 1996. In that case, however, as in the instant case, no estate was opened; nor was a personal representative named. Also, in that case, as in the instant case, several of the aforementioned survivors initiated a wrongful-death suit alleging medical malpractice, but the siblings of the decedent were not named as plaintiffs. The two siblings in the *Brewer* case were finally added to the law suit by an amended complaint, which was filed after the two-year statute of limitations

had passed. The circuit court granted a motion to dismiss the action on the ground that the Wrongful Death Statute requires that the action be brought by all the "heirs at law of the deceased person" in timely fashion.

On appeal in *Brewer*, the appellants contended that the term "heirs at law" in section 16-62-102(b) should be defined by reference to the laws of intestacy, in accordance with historical case law, and should not be interpreted to be synonymous with the term "beneficiaries of the action," as defined in section 16-62-102(d). We reviewed prior case law in *Brewer* at some length, including several of the same cases relied on by the appellants in the instant case in support of their argument. *See, e.g., St. Louis, I.M. & S. Ry. Co. v. Needham*, 52 F. 371 (8th Cir. 1892), *St. Louis, I.M. & S. Ry. Co. v. Corman*, 92 Ark. 102, 122 S.W. 116 (1909), *Peugh v. Oliger*, 233 Ark. 281, 345 S.W.2d 610 (1961), *overruled in part, Fountain v. Chicago, R.I. & P Ry.*, 243 Ark. 947, 422 S.W.2d 878 (1968); *Thompson v. Southern Lumber Co.*, 113 Ark. 380, 168 S.W. 1068 (1914). We concluded:

> It is well settled that the wrongful-death statute "intend[s] one action to be brought for the death sued on." *McBride [v. Berman]*, 79 Ark. [62] at 65, 94 S.W. at 913 [(1906)]. "[W]hen the action is brought by the heirs there must be but a single action, and all the heirs must be made parties to it, so that the entire controversy may be determined and the entire amount recovered and distributed in the single action given by the statute." *St. Louis, I.M. & S. Ry. Co. v. Needham*, 52 F. 371, 375 (8th Cir. 1892) (construing Arkansas's wrongful-death statute). With the legislative intent of the statute in mind, as well as our prior case law concerning the necessity of joining those parties entitled to recover, we believe that for the purposes of the wrongful-death statute, the term "heirs at law" as used in § 16-62-102(b) means "beneficiaries" as used in § 16-62-102(d). Therefore, where there is no personal representative to bring a wrongful-death action, all statutory beneficiaries must be joined as plaintiffs to the action.

*Brewer v. Poole*, 362 Ark. at 11, 207 S.W.3d at 464. We then affirmed the circuit court's dismissal. Our decision in *Brewer* is direct precedent for the first issue in the case at bar. Accordingly, we affirm the circuit court on this first point.

For their second point, the appellants ask whether our decision in *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002),

that "heirs at law" under the Wrongful Death Statute meant the named statutory beneficiaries in § 16-62-102(d), could be applied retroactively to the instant case.

In *Brewer v. Poole, supra,* the appellants argued that the application of *Ramirez v. White County Circuit Court,* 343 Ark. 372, 38 S.W.3d 298 (2001), which was decided in 2001, to the *Brewer* case, which arose in 1997, deprived plaintiffs of a substantial property right. We disagreed. Similarly, in the instant case, the appellants argue that the *Davenport* decision, which was handed down on April 11, 2002, is inapplicable to the instant case because, according to the appellants, it was the first time this court interpreted "heirs at law" to mean "statutory beneficiaries," and, therefore, *Davenport* cannot validly be applied to a case where the cause of action allegedly arose on June 29, 2000, and where suit was filed on January 16, 2002.

We are not persuaded by the appellants' argument, because it is based on a false premise. That false premise is that *Davenport v. Lee, supra,* somehow changed the law with regard to what "heirs at law" means for purposes of wrongful-death actions. In *Brewer,* this Court wrote:

> Who, then, are the heirs at law for purposes of the wrongful-death statute? When faced with this question in *St. Louis, I.M. & S. Railway Co. v. Corman,* 92 Ark. 102, 122 S.W. 116 (1909), this court looked to the wrongful-death statute and determined that by the plain language of the statute, the widow and the child were the heirs at law because they were the only parties entitled to recover under the statute. As such, we found that the widow and the child were the only necessary parties to the action. *See id.* at 107, 122 S.W. at 118; *see also McBride [v. Berman],* 79 Ark. at 65, 94 S.W. at 913 [(1906)] ("While the wife is not technically an 'heir at law,' . . . she is specifically named in this statute as a beneficiary in [a wrongful-death action].")

362 Ark. at 11, 207 S.W.3d at 464. In short, in *Brewer* this court looked to 1909 case law and determined that "heirs at law" were those beneficiaries entitled to recovery under the Wrongful Death Statute.

Similarly, the *Davenport* decision did not overrule past Arkansas cases or change Arkansas law for purposes of determining who are "heirs at law" in a wrongful-death lawsuit. As early as 1909 this court looked to the Wrongful Death Statute itself to

determine who were the "heirs at law." Therefore, the application of *Davenport* to the case at hand is valid even though that case was decided after the instant case arose. Furthermore, in the absence of any cited authority or developed argument in support of appellants' contention that the *Davenport* decision is constitutional error, we will not address the issue. *See, e.g., Batiste v. Arkansas Dep't of Human Servs.*, 361 Ark. 46, 204 S.W.3d 521 (2005).

■■ We further agree with the appellees that this court did not overrule past case law in *Davenport v. Lee, supra*, or apply a new rule in that case which we then proceeded to apply prospectively. When we have overruled a case in the past, we have at times followed that principle. *See, e.g., Aka v. Jefferson Hosp. Ass'n, Inc.*, 344 Ark. 627, 42 S.W.3d 508 (2001); *Parish v. Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (1968). However, in *Davenport v. Lee* and *Brewer v. Poole, supra*, as well, we affirmed our prior case law with respect to what beneficiaries are "heirs at law" for purposes of the Wrongful Death Statute.

Affirmed.